Walter E. BEVAN and Irene Bevan,
Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 72-1748.

United States Court of Appeals,
Sixth Circuit.

Argued and Submitted Feb. 9, 1973.

Decided Feb. 15, 1973.

Walter E. Bevan, pro se.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Thomas L. Stapleton, Dennis M. Donohue, Tax Div., U. S. Dept. of Justice, Lee H. Henkel, Jr., Chief Counsel, I.R.S., Washington, D. C., for respondent-appellee.

Before WEICK, MILLER and LIVELY, Circuit Judges.

ORDER

A decision of the United States Tax Court determined income tax deficiencies for the years 1962, 1963 and 1964 and the taxpayers have appealed. The taxpayers did not keep a formal set of books in the operation of their business and the bank deposit method was used in reconstructing income. The amount determined as deficiency for the three years by the United States Tax Court was less than that asserted by the Commissioner of Internal Revenue.

This Court has carefully examined the record and briefs and considered the arguments made in this case and has determined that the findings of the United States Tax Court are not clearly erroneous. See Opinion in 30 T.C.M. 1337 (1971).

The decision of the United States Tax Court is affirmed.

Bobby Joe FOY, Petitioner-Appellant,

v.

W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.

No. 72-3541.
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1973.

Jack B. Manning, Houston, Tex., (Court-appointed), for petitioner-appellant.

Crawford Martin, Atty. Gen., Lang A. Baker, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant claims that his state court plea of guilty was involuntary and coerced because he had been subjected to an illegal search and seizure, had been denied an examining trial, and had been denied counsel for a substantial period of time, and after he obtained counsel it had been ineffective. The federal habeas court found that his counsel had been effective and that appellant had entered a voluntary plea of guilty which waived the other asserted grounds for relief, they being non-jurisdictional in nature. The finding that counsel was effective was not clearly erroneous. The finding of waiver was correct. McMillin v. Beto, 447 F.2d 453 (5th Cir. 1971).

Affirmed.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.