929 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sylvester WOODS and M. Lois Woods, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 90-1580.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1991.
 
 ON APPEAL FROM THE UNITED STATES TAX COURT, 11649-88.
 U.S.T.C.
 AFFIRMED.
 Before KEITH and DAVID A. NELSON, Circuit Judges; and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Sylvester Woods and M. Lois Woods, his wife, appeal the determination of the Tax Court that there were deficiencies in their reported personal income tax for the years 1984, 1985, and 1986. The dispute revolves around the proper characterization of certain funds held by a church called the "Unity and Divinity of Christian Philosophic Science" (the church) in Detroit, Michigan. The church had two bank accounts. The Commissioner of the Internal Revenue Service (IRS) maintains that the Woods gained total control over these accounts and used the funds for their own personal use, and that, therefore, the funds deposited in the accounts are attributable to the Woods as income. The Woods contend that the Tax Court erred in attributing the church funds to the couple and that the Tax Court incorrectly placed the burden of proof on the Woods. Because we have determined that the Woods' arguments are without merit, we affirm the Tax Court.
 
 I.
 
 2
 In 1975, the Woods began the church as an ecclesiastical, non-profit corporation with Sylvester Woods as president and minister. Ms. Woods was vice-president and her brother was the treasurer. During the years in question, the church did not maintain a formal membership list, but it did conduct services and broadcast a radio ministry. As stated, the church maintained two bank accounts, one checking and one savings. Only the Woods had authority to withdraw funds from these accounts. The Woods also maintained several individual accounts. The IRS maintains that the church and individual accounts had funds deposited into them that were taxable but were not declared: $36,142.47 in 1984, $385,163.34 in 1985, and $244,011.80 in 1986.
 
 
 3
 On their joint federal income tax returns for the three years in question, Mr. Woods did not report any compensation from the church or from any other source. The wife, a school teacher, reported income of $29,184.93 in 1984, $30,661.66 in 1985, and $32,406.89 in 1986. The Woods claimed charitable deductions of $14,628.56, $15,484.68 and $16,632.62 in those years respectively.
 
 
 4
 In July of 1985, $60,000 in church funds were used to purchase Richardson Collision, Inc., an auto repair business. Mr. Woods was the president, and according to the 1986 corporate income tax return, was the sole owner. The Woods maintain that Richardson Collision was actually owned by the church.
 
 
 5
 In November of 1986, church funds were used to purchase the Felix Brooks Auto Clinic, another auto repair business. The real estate was purchased under an installment land contract. The purchase price was $70,000, with a down payment of $10,000. The non-real estate assets of the Felix Brooks Auto Clinic were purchased for $60,000. On their joint federal income tax return for 1986, the Woods list the two pieces of real estate containing the auto repair stores as property they owned and rented. They now maintain that this auto repair garage was actually owned by the church.
 
 
 6
 In March of 1986, church funds were used to purchase a yacht for $135,000. The Woods maintain that they used the yacht for church events. The yacht was insured, however, in the name of Mr. Woods for personal use.
 
 
 7
 Funds from the church bank accounts also were used to pay utility bills, purchase food, make payments on Ms. Woods' personal credit card and buy her a Cadillac Seville.[1]
 
 
 8
 The IRS used the "bank deposits method" to reconstruct the Woods' income. Under this method, the taxpayer's bank deposits for the year are totaled. Any non-taxable income included in these deposits is subtracted from this total. The amount remaining is presumed to represent the income of the taxpayer. The bank deposit method of income accounting has been accepted in this Circuit. Bevan v. Commissioner, 472 F.2d 1381 (6th Cir.1973).
 
 II.
 
 9
 The Woods contend that the Tax Court erred in attributing to them personally all of the church's income. According to the Woods, the IRS should attribute to them the amount that the church paid on their expenses. According to the IRS, since the Woods had total dominion and control over the church's bank accounts and used those funds for personal purposes, any deposit into these accounts is attributable to them. Thus, the IRS maintains that the Woods were the actual owners of the bank accounts maintained in the church's name.
 
 
 10
 A corporation's separate existence will generally be recognized for federal tax purposes. Union Carbide Corp. v. Commissioner, 336 U.S. 422 (1949). Certain income, however, can be attributed to an individual when the recipient has total control or dominion over the funds and uses the funds for personal purposes. United States v. Curtis, 782 F.2d 593 (6th Cir.1986). In Curtis, a butcher incorporated his business and became president and sole shareholder. Checks made out to the corporation were deposited into the individual's private checking account. The court held that "(i)f a man has a business of a lucrative nature and is constantly receiving money and depositing it to his own account and using it for his own purposes, this is proof that he has income,...." Id. at 595 (quoting Davis v. United States, 226 F.2d 331 (6th Cir.1955)).
 
 
 11
 The issue is whether the Woods had total dominion and control over the two church bank accounts and used the funds in those accounts for personal purposes. This is a factual determination that can only be overturned if clearly erroneous. Anderson v. City of Bessemer, 470 U.S. 564, 575 (1985). The evidence established that the money from these accounts was used to pay utility and food expenses, buy a car, buy a yacht, make credit card payments, and purchase two auto repair shops in Mr. Woods' name. The determination that these accounts were totally under the Woods' control and were being used for personal purposes is not clearly erroneous.
 
 III.
 
 12
 The Woods maintain that the Tax Court incorrectly placed the burden of proof on them. The Tax Court made only one statement about the burden of proof. "This case does not depend on the burden of proof, because our factual findings and legal conclusions are based on sufficient evidence in the record to justify sustaining all of respondent's determinations that have not been conceded."[2] Even if the burden of proof were placed on the IRS, the Tax Court clearly felt this burden had been met. The Tax Court's determination must be upheld because it is not clearly erroneous
 
 IV
 
 13
 The IRS used the bank deposit method to determine the Woods' income. The IRS maintains that it was forced to resort to this method because the Woods did not maintain sufficient accounting records from which to determine taxable income. The Woods maintain that the records were adequate.
 
 
 14
 Every person has a legal obligation to maintain sufficient accounting records to allow determination of taxable income. 26 C.F.R. Sec. 1600-1(a). If an individual does not maintain sufficient records, the IRS has several alternative methods they may use to determine income. 26 U.S.C. Sec. 446(b). The bank deposit method is one such alternative. Bevan v. Commissioner, 472 F.2d 1381 (6th Cir.1973).
 
 
 15
 The sufficiency of the accounting records is a finding of fact by the Tax Court. It must be upheld unless it is clearly erroneous. Anderson v. City of Bessemer, 470 U.S. 564, 575 (1985). Mr. Woods admitted that certain personal expenses were paid for by the church. They did not keep any systematic records concerning how much was paid for by the church. The Woods also purchased two auto repair businesses with church funds, and it was not clearly erroneous for the Tax Court to find that these businesses were held personally by the Woods. Incomplete accounting records were maintained for these two businesses. Ms. Woods maintained that she contributed tens of thousands of dollars to the church, but no records were kept to indicate that this occurred. The determination of the Tax Court that the accounting records were inadequate is clearly supported by the record.
 
 V.
 
 16
 The Tax Court's finding that the Woods had total dominion and control over the church's bank accounts and were using these accounts for personal expenses is not clearly erroneous. Even if the burden of proof were on the IRS to sustain the deficiency, the decision of the Tax Court that this burden was met was not clearly erroneous. Finally, the finding that the Woods' accounting records were inadequate is supported by the evidence. We therefore AFFIRM the Tax Court's decision.
 
 
 
 [1]
 The Woods contend the credit card payments were to reimburse Ms. Woods for church expenses she placed on her credit card
 
 
 [2]
 The IRS's determination of tax liability, if calculated according to an acceptable procedure, is presumptively correct. United States v. Walton, 909 F.2d 915 (6th Cir.1990)