T.C. Memo. 2004-182

UNITED STATES TAX COURT

VINCENT MICHAEL COOMES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8544-03.                Filed August 10, 2004.

Vincent Michael Coomes, pro se.

Richard J. Hassebrock, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, Judge:  Respondent determined deficiencies in
petitioner's 1993, 1994, 1995, 1996, 1997, and 1998 Federal
income taxes and additions to tax as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(f) | Sec. 6654[1] |
| 1993 | $12,253 | $9,189.75 | $513.41 |
| 1994 | 6,698 | 5,023.50 | 347.56 |
| 1995 | 5,554 | 4,165.50 | 301.16 |
| 1996 | 3,256 | 2,442.00 | 173.32 |
| 1997 | 5,269 | 3,951.75 | 281.90 |
| 1998 | 4,431 | 3,323.25 | 202.76 |

[1] The notice of deficiency cites sec. 6653 as the basis for the addition to tax, but respondent's answer clarified that sec. 6654 is the correct basis for this addition to tax.

After concessions,[1] the remaining issues for decision are (1) whether petitioner's asserted vow of poverty causes him to be exempt from liability for Federal income taxes, including self-employment tax, for taxable years 1993, 1994, 1995, 1996, 1997, and 1998; and (2) whether the doctrine of collateral estoppel limits the aggregate amount of petitioner's tax deficiencies and additions to tax due for 1994, 1995, 1996, and 1997 to the amount of restitution ordered at petitioner's prior criminal proceeding. We hold that petitioner is liable for income taxes, and the doctrine of collateral estoppel is not applicable.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the years in issue,

---

[1]Petitioner concedes that he operated Imperial Communications, Inc., as a sole proprietorship, and that he was remunerated in 1993, 1994, 1995, 1996, 1997, and 1998 in connection with services he provided. Petitioner also concedes that if the deficiencies are sustained, he is liable for the additions to tax as determined in the notice of deficiency.

and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Cincinnati, Ohio, at the time his petition was filed.

Petitioner operated Imperial Communications, Inc. (Imperial), as a sole proprietorship during the years at issue. Imperial did not have any employees. The services petitioner provides through Imperial include installing and maintaining telephone systems. Petitioner was directly compensated by Imperial's clientele for the services provided and goods sold for 1993, 1994, 1995, 1996, 1997, and 1998. Moreover, petitioner received interest income in 1997 and 1998 and dividend income in 1998.

Petitioner failed to file Federal income tax returns for 1993, 1994, 1995, 1996, 1997, and 1998. Petitioner also failed to make estimated tax payments during these years in connection with his income from Imperial's business and from other sources.[2] Accordingly, on March 11, 2003, respondent issued a notice of deficiency to petitioner which determined the amount of tax owed

---

[2]Other sources includes the interest and dividends petitioner received.

for each year plus additions to tax under sections 6651(f) and 6654. Petitioner timely filed his petition seeking a redetermination.

On August 7, 2003, in the U.S. District Court for the Southern District of Ohio, petitioner pleaded nolo contendere to four counts under section 7203 of willfully failing to file Federal income tax returns for 1994, 1995, 1996, and 1997. Petitioner was sentenced to four 2-year terms of probation to be served concurrently and ordered to pay a fine of $2,000 and restitution of $27,475.97 in respect of his income tax liabilities for 1994, 1995, 1996, and 1997.

OPINION

I. Unreported Income

Pursuant to section 61(a), gross income includes "all income from whatever source derived". Section 61(a)(1) provides that gross income includes compensation received in exchange for services rendered. With respect to such income it is well settled that the person who earns income is taxed on the income. Commissioner v. Culbertson, 337 U.S. 733, 739-740 (1949). Generally, a sole proprietor who derives income from a trade or business is considered to have received self-employment income. Secs. 1.1401-1(c), 1.1402(c)-1, Income Tax Regs. Self-employed individuals are also liable for self-employment tax pursuant to section 1401 as part of their Federal income tax liability. See

also secs. 1.1401-1(a), 1.6017-1(a)(1), Income Tax Regs.  Subject to statutory exclusions, the amount of self-employment tax an individual owes is based on his "net earnings from self-employment".  Sec. 1402(a).  "Net earnings from self-employment" include "the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed" which are attributable to the trade or business.  Id.; sec. 1.1402(a)-1(a)(1), Income Tax Regs.

Petitioner conceded that he operated Imperial as a sole proprietorship and that Imperial had no employees.  Petitioner failed to offer any evidence to contradict respondent's position that petitioner personally managed and controlled Imperial's telephone services business.  Relying on invoices issued by Imperial and bank deposits made by petitioner, respondent appropriately reconstructed petitioner's income for 1993, 1994, 1995, 1996, 1997, and 1998.  See, e.g., Holland v. United States, 348 U.S. 121, 133 (1954); Bevan v. Commissioner, 472 F.2d 1381 (6th Cir. 1973), affg. T.C. Memo. 1972-312; Woods v. Commissioner, T.C. Memo. 1989-611, affd. without published opinion 929 F.2d 702 (6th Cir. 1991).  Petitioner did not challenge respondent's computations but rather admitted that he was directly remunerated by Imperial's clientele for services he provided through Imperial.  Applying the law to these facts, we conclude that petitioner was indeed self-employed and liable for

income taxes on his income from self-employment, including self-employment taxes under section 1401, for each of the years at issue. Petitioner is, however, entitled to the deductions stipulated by the parties.

With respect to the interest and dividend income petitioner received, there is no question that these funds must be included in petitioner's gross income as provided by section 61(a)(3) and (7). See also secs. 1.61-7(a), 1.61-9(a), Income Tax Regs. Petitioner, in fact, conceded that he received interest income in 1997 and 1998 and dividend income in 1998.

A. Additions to Tax

Petitioner has conceded that he owes additions to tax under sections 6651(f) and 6654. We need not engage in a discussion regarding these additions since petitioner concedes their applicability.

B. Petitioner's Asserted Vow of Poverty

The issue raised is whether petitioner's asserted vow of poverty exempts the income he received for the years at issue from gross income. In short, it does not.

Petitioner contends that his taking a vow of poverty assigning all income to a religious institution provides him with an exemption from Federal income taxes for all years at issue.[3]

---

[3]We see no reason to address whether the Universal Christian Church is a sec. 501(c)(3) organization since petitioner did not
(continued...)

Other than his testimony, petitioner has not offered any evidence to substantiate his asserted vow of poverty.  Even assuming petitioner took such a vow, his argument fails.

Merely taking a vow of poverty does not necessarily exempt a taxpayer from Federal income taxes, including self-employment taxes.  This Court has held that when "secular services are rendered by individuals, income received by them in an individual capacity and not on behalf of a separate and distinct principal is taxable to the individuals."  Yoshihara v. Commissioner, T.C. Memo. 1999-375; Stephenson v. Commissioner, 79 T.C. 995 (1982), affd. 748 F.2d 331 (6th Cir. 1984); McGahen v. Commissioner, 76 T.C. 468, 478-479 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983); see also sec. 1.1402(c)-5(a)(2), Income Tax Regs.

Petitioner has offered nothing to support that any of the income he received was received on behalf of a separate and distinct principal.  It is also patently obvious that the telephone services petitioner provided were secular. Accordingly, we find that petitioner is liable for Federal income taxes on the compensation he earned and on the interest and dividend income he received.

---

[3](...continued)
assert at trial or on brief that income assigned to the Universal Christian Church qualified for a charitable deduction under sec. 170.  Additionally, petitioner did not establish there was a transfer of funds to a religious charity.

II.  Restitution Ordered by the District Court

Petitioner appears to argue that the District Court's judgment in his prior criminal proceeding, which ordered him to pay restitution, disposed of his tax liabilities for 1994, 1995, 1996, and 1997.  This raises the issue of whether the doctrine of collateral estoppel applies with respect to petitioner's tax liabilities for 1994, 1995, 1996, and 1997.

The purposes of applying the doctrine of collateral estoppel (a.k.a. issue preclusion) are to prevent litigants from having to relitigate identical issues and to promote judicial economy.  See Meier v. Commissioner, 91 T.C. 273, 283 (1988).  Collateral estoppel applies "once an issue is actually and necessarily determined by a court of competent jurisdiction, [and] that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."  Montana v. United States, 440 U.S. 147, 153 (1979). Building on the Supreme Court's decision, the Court of Appeals for the Sixth Circuit has identified four conditions for collateral estoppel to be enforced.  Hickman v. Commissioner, 183 F.3d 535, 536 (6th Cir. 1999), affg. T.C. Memo. 1997-566.  First, the issue in the subsequent litigation must be identical to that resolved in the prior litigation.  Second, the issue must have been actually litigated and judicially determined in the prior action.  Third, the issue in the prior litigation must have been

necessary and essential to a judgment on the merits.  Fourth,
collateral estoppel can be invoked only against parties and their
privies who were part of the prior litigation.  Id.; see also
Montana v. United States, supra at 153-155; M.J. Wood Associates,
Inc. v. Commissioner, T.C. Memo. 1998-375.

Petitioner pleaded nolo contendere to charges under section
7203 for willfully failing to file Federal income tax returns and
pay taxes.  Not a single issue, including petitioner's tax
liabilities and additions to tax for the years at issue, was
actually litigated during petitioner's criminal proceeding as a
result of his nolo plea.  In the criminal proceeding a judicial
determination did not occur with respect to petitioner's tax
liability since it was not litigated nor was it an essential
element of the Government's case.  See Hickman v. Commissioner,
supra at 538.  Consequently, petitioner cannot invoke collateral
estoppel to limit his tax liability to the amount of restitution
ordered by the District Court.[4]  See id.; see also Morse v.
Commissioner, T.C. Memo. 2003-332.

---

[4]This does not, however, change the fact that the District
Court ordered petitioner to pay restitution.  Given the factual
circumstances of this case, we believe that the restitution
ordered was to be paid to respondent.  We therefore expect
petitioner's tax liability to be offset by any payments of
restitution petitioner made.  See Toney v. Commissioner, T.C.
Memo. 2003-333; Wallace v. Commissioner, T.C. Memo. 2000-49; cf.
M.J. Wood Associates, Inc. v. Commissioner, T.C. Memo. 1998-375.

III.  <u>Conclusion</u>

In sum, we hold for respondent with respect to all substantive matters.  All arguments made by the parties have been considered by this Court, and those arguments not discussed herein have been found irrelevant, moot, and/or without merit. To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.