T.C. Summary Opinion 2012-39


UNITED STATES TAX COURT


DONALD R. LEAK, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13811-10S.                    Filed May 1, 2012.


Donald R. Leak, pro se.

<u>Nancy M. Gilmore</u> and Mary Clare Schuller (student), for respondent.


SUMMARY OPINION


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a notice of deficiency to petitioner in which he determined the following deficiencies and penalties:[1]

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 2006 | $27,460 | $5,492 |
| 2007 | 19,135 | 3,827 |
| 2008 | 14,974 | 2,995 |

After concessions,[2] the issues for decision are whether petitioner:  (1) is entitled to deduct certain business expenses reported on Schedules C, Profit or Loss From Business, in excess of those allowed or agreed to by respondent; (2) is entitled to charitable contributions claimed on Schedules A, Itemized Deductions, in excess of those allowed by respondent; (3) received unreported Schedule C income for 2008;

---

[1]All amounts are rounded to the nearest dollar.

[2]Respondent concedes that petitioner is entitled to a deduction for 2006 of $4,296 for Schedule C expenses consisting of $1,490 of car and truck expenses, $1,487 of repair and maintenance expenses, and $1,319 of other expenses.

and (4) is liable for section 6662(a) accuracy-related penalties for the years in issue.[3]

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in Maryland when he filed his petition.

Petitioner owned and operated as a sole proprietorship a lawn care business called Leaks Lawn Care (Leaks). He used three or four trucks, a trailer, a tractor, and more than one lawnmower in his business. Petitioner used one of the trucks mainly for personal travel.

Petitioner reported Leaks' income and expenses on a Schedule C for each year in issue. During the years in issue petitioner maintained a business checking account at M&T Bank (M&T) for Leaks (account 4310). Petitioner used account 4310 for business and personal transactions. In 2007 and 2008 petitioner also maintained a joint personal checking account at M&T (account 2730) with his then wife. Petitioner used account 2730 for business and personal transactions.

---

[3]Other adjustments made in the notice of deficiency are computational and will not be discussed.

Petitioner was actively involved with his church during the years in issue. At some time before those years, the church purchased a tract of 10 to 15 acres on which to build a house of worship. Petitioner cleared the land for the church so that it could begin construction. For each year in issue he deducted as a charitable contribution the amount he would have billed the church for his services.

In June 2008 petitioner's home was broken into, and a safe, among other items, was stolen.

Respondent issued petitioner a notice of deficiency in which he determined deficiencies of $27,460, $19,135, and $14,974 for 2006, 2007, and 2008, respectively. In the notice respondent disallowed all of petitioner's Schedule C deductions for car and truck expenses, repairs and maintenance expenses, and other expenses for each year in issue. Respondent also disallowed deductions for charitable contributions of $6,200, $4,000, and $4,200 for 2006, 2007, and 2008, respectively. Respondent also determined that petitioner had received unreported Schedule C income of $10,543 for 2008. Additionally, respondent determined section 6662(a) accuracy-related penalties of $5,492, $3,827, and $2,995 for 2006, 2007, and 2008, respectively.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioner did not argue or present evidence that he satisfied the requirements of section 7491(a). Therefore, petitioner bears the burden of proof with respect to the issues in the notice of deficiency.

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Additionally, a taxpayer must substantiate all expenses for which a deduction is claimed. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

I.      Petitioner's Schedule C Expenses

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.

As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the precise amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of the deductible expense and allow the deduction to that extent, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his or her own making. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). In order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

Expenses with respect to listed property, however, must be substantiated by adequate records or sufficient evidence corroborating the taxpayer's own statement. Sec. 274(d); sec. 1.274-5T(a) and (b), Temporary Income Tax Regs., 50 Fed. Reg.

46014 (Nov. 6, 1985). Listed property includes any passenger automobile. Sec. 280F(d)(4)(A)(i).

Petitioner created "memos" on a personal digital device to detail Leaks' expenses for 2006 and 2007. Each memo has a time stamp at the bottom of the page. The time stamp on the 2006 memo is 2/15/2007, and the time stamp on the 2007 memo is 2/14/2008.

A.    Car and Truck Expenses

Petitioner claimed deductions for car and truck expenses on Schedules C of $28,058, $3,733, and $12,563 for 2006, 2007, and 2008, respectively. Respondent disallowed a deduction for all of petitioner's car and truck expenses for each year in issue.

Petitioner testified that he used several trucks for Leaks and used three different vendors to service those trucks during the years in issue. Petitioner testified that the first vendor had gone out of business and refused to give him copies of any records because he and petitioner had had a falling out. Petitioner testified that his second vendor committed suicide and that the third went out of business and is now incarcerated.

Petitioner offered his memos as evidence to corroborate his testimony about his car and truck expenses. The memos list only brief descriptions of the expenses

and amounts paid. For example the 2006 memo lists "1989 Ford 2500 maint-$3300" and "trans rebuild for 2000 Ford-$1800" as expenses. The 2007 memo lists "milage-57182" as an expense. Although the Court believes that petitioner did incur car and truck expenses while operating Leaks during the years in issue, passenger automobiles are listed property, and expenses related to them cannot be estimated because strict substantiation of the expenses is required. See secs. 274(d), 280F(d)(4)(A)(i). Petitioner's memos do not meet the strict substantiation requirements of section 274. Therefore, petitioner is not entitled to deductions for car and truck expenses greater than the amount respondent concedes. See supra note 2.

B.    Repairs and Maintenance Expenses

Petitioner claimed deductions for repairs and maintenance expenses on Schedules C of $35,579, $34,367, and $18,704 for 2006, 2007, and 2008, respectively. Respondent disallowed all of petitioner's repairs and maintenance expenses for each year in issue.

Petitioner provided some receipts, his bank account statements, and his memos to substantiate his repairs and maintenance expenses. Although petitioner had account 4310 for Leaks, he often used it for personal transactions, such as purchases from a floral shop and a monthly membership to Match.com in 2006.

Petitioner also used account 2730 to make business purchases. He made several monthly payments to Kubota[4] in 2007 and 2008 from this account. The Court concludes that petitioner did have repairs and maintenance expenses for the years in issue. The Court estimates, under the Cohan doctrine, that petitioner is entitled to 20% of his claimed deduction for repairs and maintenance expenses for each of the years in issue. Any inexactitude in the Court's estimate is of petitioner's own making and is due to his failure to maintain adequate business records. See Cohan v. Commissioner, 39 F.2d at 543-544.

    C.    Other Expenses

Petitioner claimed deductions for other expenses on Schedules C of $25,105, $24,786, and $21,830 for 2006, 2007, and 2008 respectively. Respondent denied all of petitioner's other expenses deductions for each year in issue.

Petitioner provided some receipts, his bank records, and his memos to substantiate his other expenses. It is clear from petitioner's bank account records that he had expenses for business cards and other items necessary to a landscaping business, for example, topsoil, seeds, mulch, lawnmowers, etc. The Court

---

[4]Kubota manufactures and services tractors.

estimates, under the <u>Cohan</u> doctrine, that petitioner is entitled to 20% of his claimed deductions for Schedule C other expenses for each of the years in issue.

II.   Charitable Contributions

Section 170 allows a deduction for charitable contributions. A taxpayer may not, however, claim a deduction for services rendered to a charitable organization. <u>Davis v. United States</u>, 495 U.S. 472, 486-488 (1990); <u>Van Dusen v. Commissioner</u>, 136 T.C. 515, 522-523 (2011); sec. 1.170A-1(g), Income Tax Regs.

The amounts of petitioner's charitable contributions in issue are for services he performed for his church. Petitioner testified that he cleared 10 to 15 acres of church-owned land so that a house of worship could be built. He also testified that for each of the years in issue he provided the church financial director a bill for his services. In return petitioner stated he was given a "receipt" or "paper" from the church confirming he had made a contribution to the church in the amount stated on the bill. Petitioner is not allowed charitable contribution deductions for the services he provided to the church.[5] See <u>Davis</u>, 495 U.S. at 486-488; <u>Van Dusen v.</u>

---

[5]Although a deduction is allowed for "unreimbursed expenditures made incident to the rendition of services to an organization", petitioner did not provide any documentation as to what amount of each claimed deduction was for his services and what amount was for unreimbursed expenditures that were incident to

(continued...)

Commissioner, 136 T.C. at 522-523; sec. 1.170A-1(g), Income Tax Regs.

Therefore, respondent's determination to disallow a portion of petitioner's

charitable contribution deductions for each year in issue is sustained.

III.    Unreported Schedule C Income

Respondent determined that petitioner failed to report Schedule C income of

$10,543 for 2008.  Respondent used the bank deposits method to determine

petitioner's unreported income.

Gross income includes all income from whatever source derived.  Sec. 61(a).

Gross income derived from business is specifically included as an item of gross

income.  Sec. 61(a)(2).

The Commissioner is authorized to reconstruct a taxpayer's income.  Sec.

446(b); Petzoldt v. Commissioner, 92 T.C. 661 (1989).  Indirect methods may be

used for this purpose.  Holland v. United States, 348 U.S. 121 (1954).  The

Commissioner's reconstruction need only be reasonable in light of all the

surrounding facts and circumstances.  Petzoldt v. Commissioner, 92 T.C. at 687;

Giddio v. Commissioner, 54 T.C. 1530, 1533 (1970).  Bank deposits constitute

prima facie evidence of income.  Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

[5](...continued)
his services.  See sec. 1.170A-1(g), Income Tax Regs.

The bank deposits method of determining income assumes that all the money deposited into a taxpayer's bank account during a specific period constitutes taxable income. Price v. United States, 335 F.2d 671, 677 (5th Cir. 1964). Where the Commissioner has used the bank deposits method to determine a deficiency, the taxpayer bears the burden of showing that the determination is incorrect. See DiLeo v. Commissioner, 96 T.C. 858, 871 (1991), aff'd, 959 F.2d 16 (2d Cir. 1992); Bevan v. Commissioner, T.C. Memo. 1971-312, aff'd, 472 F.2d 1381 (6th Cir. 1973).

Petitioner testified that all of the deposits that respondent determined to be unreported income are just transfers between account 4310 and account 2730. Petitioner testified that he would use an automated teller machine (ATM) to withdraw cash from account 4310 and then deposit the cash into account 2730. Both of petitioner's bank accounts document a plethora of cash withdrawals from ATMs; many times there were multiple withdrawals in one day. The dates and amounts of only a handful of the withdrawals from account 4310 are in proximity to the dates and amounts of account 2730 deposits. Most of the cash withdrawals appear to be just that--cash withdrawals.

The Court finds that petitioner transferred $800 from account 4310 to account 2730. This amount is not unreported income. The remaining $9,743 of deposits is unreported income for 2008.

## IV. Section 6662(a) Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) authorizes the Commissioner to impose a penalty equal to 20% of the portion of an underpayment of tax that is attributable to negligence or disregard of rules or regulations or any substantial understatement of income tax. The Commissioner bears the initial burden of production with respect to the taxpayer's liability for the section 6662(a) penalty. Sec. 7491(c). At trial the Commissioner must introduce sufficient evidence "indicating that it is appropriate to impose the relevant penalty." Higbee v. Commissioner, 116 T.C. 438, 446 (2001). If the Commissioner satisfies his initial burden of production, the burden of producing evidence to refute the Commissioner's evidence shifts to the taxpayer, and the taxpayer must prove that the penalty does not apply. Id. at 447.

Respondent determined that petitioner was liable for section 6662(a)(1) accuracy-related penalties of $5,492, $3,827, and $2,995 for 2006, 2007, and 2008, respectively. Respondent contends that the underpayments of tax are attributable to either negligence or disregard of rules or regulations or to substantial

understatements of income tax. Respondent's contentions necessarily reflect alternative grounds for imposing the section 6662 penalty because only one section 6662 accuracy-related penalty may be imposed with respect to any given portion of any underpayment, even if the underpayment is attributable to more than one of the types of listed conduct. See New Phoenix Sunrise Corp. v. Commissioner, 132 T.C. 161, 187 (2009), aff'd, 408 Fed. Appx. 908 (6th Cir. 2010); sec. 1.6662-2(c), Income Tax Regs.

For purposes of section 6662, negligence is any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and disregard includes any careless, reckless, or intentional disregard. Sec. 6662(c); see also Neely v. Commissioner, 85 T.C. 934, 947 (1985) (negligence is lack of due care or failure to do what a reasonably prudent person would do under the circumstances); sec. 1.6662-3, Income Tax Regs. Negligence also includes any failure to exercise ordinary and reasonable care in the preparation of a tax return or any failure to keep adequate books and records and to properly substantiate items. Sec. 1.6662-3(b)(1), Income Tax Regs.

An understatement of income tax is the excess of the amount of income tax required to be shown on the return for the taxable year over the amount of income tax that is shown on the return, reduced by any rebate. See sec. 6662(d)(2)(A).

An understatement is substantial if it exceeds the greater of 10% of the tax required to be shown on the return for the taxable year or $5,000. See sec. 6662(d)(1)(A).

Petitioner provided very few records to substantiate claimed deductions for tens of thousands of dollars of expenses for each year in issue or to prove that he did not receive unreported income for 2008. Alternatively, each of petitioner's understatements exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Respondent has met his burden of production under section 7491(c) by showing that petitioner's underpayments of income tax are due to negligence or a substantial understatement of income tax.

A taxpayer may avoid liability for the section 6662 penalty if the taxpayer demonstrates that he or she had a reasonable basis for the underpayment and that he or she acted in good faith with respect to the underpayment. Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. Reasonable cause and good faith are determined on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor in determining reasonable cause and good faith is the extent of the taxpayer's effort to assess his or her proper income tax liability. Id.; see also Woodsum v. Commissioner, 136 T.C. 585, 591 (2011).

Petitioner's house was broken into and a safe, in which he testified that he kept most of his business records, was stolen. Respondent stipulated that most of Leaks' business records were in the safe when it was stolen. Petitioner entered into evidence memos he prepared that document some of his expenses. He also testified that he attempted to contact vendors whom he used during the years in issue but was unable to obtain any records or receipts from them. The Court finds petitioner's testimony credible concerning his attempts to contact vendors, and we give his testimony some weight. See Patterson v. Commissioner, T.C. Memo. 1972-82.

The Court finds that petitioner meets his burden for the reasonable cause and good faith exception to the section 6662 accuracy-related penalty for his Schedule C deductions for the years in issue. Cf. Kolbeck v. Commissioner, T.C. Memo. 2005-253 (taxpayer failed to reconstruct deductions or make meaningful attempts to contact third parties who might have been able to verify his expenses).

Petitioner's evidence to prove he did not receive unreported income in 2008 is much weaker than the evidence for his Schedule C deductions. He could show only $800 of the more than $10,000 of unreported income as transfers between his accounts.

Additionally, petitioner had thousands of dollars of improperly claimed charitable contribution deductions for the years in issue.  Petitioner testified that he received receipts or papers from his church stating that he made charitable contributions to the church in amounts equal to what he billed the church for his services for the years in issue.  Petitioner did not provide respondent or the Court his bills or any receipts or papers the church may have sent him that would corroborate his testimony about the related charitable contribution deductions he claimed for the years in issue.

Petitioner has not satisfied his burden to meet the reasonable cause and good faith exception for the unreported income and charitable contributions; therefore, the Court finds he is liable for the section 6662(a) accuracy-related penalty for those issues.

We have considered all of  petitioner's arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.