T.C. Memo. 2013-91

UNITED STATES TAX COURT

TRAVIS C. TINNEY AND AMANDA A. TINNEY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29009-10.                        Filed April 3, 2013.

Travis C. Tinney, pro se.

Randall B. Childs, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, Judge: The respondent issued a notice of deficiency

determining a $72,105 deficiency in the petitioners' federal income tax and a

$14,421 accuracy-related penalty under section 6662(a) for the 2006 tax year.

Unless otherwise indicated, all section references are to the Internal Revenue Code

[*2] as in effect for the 2006 tax year. The respondent is referred to as the IRS. The petitioners are referred to as Travis Tinney and Amanda Tinney (collectively, Tinneys).

After concessions by the parties,[1] the issues for decision are:

(1) whether the Tinneys failed to report $101,963 of gross receipts on Schedule C, Profit or Loss From Business;

(2) whether the Tinneys are entitled to deduct $8,696 in Schedule C car and truck expenses disallowed in the notice of deficiency;

(3) whether the Tinneys are entitled to $33,644 in miscellaneous itemized deductions claimed on Schedule A, Itemized Deductions, of their return; and

(4) whether the Tinneys are liable for the accuracy-related penalty pursuant to section 6662(a).

---

[1]The Tinneys reported $10 in gambling income on their return. The notice of deficiency determined that their gambling income was $2,250, resulting in an adjustment of $2,240. The Tinneys have conceded they had $2,250 in gambling income. The IRS has conceded that they are entitled to an itemized deduction for $2,250 in gambling expenses. This concession is reflected on page 41 of the transcript of the proceedings of February 10, 2012.

The Tinneys also reported $42,466 in short-term capital gains. The notice of deficiency determined they had short-term capital gains of $154,842, resulting in an adjustment of $112,376. The IRS conceded this adjustment and agrees with the amount reported on the return.

**[*3]**                              FINDINGS OF FACT

Some facts have been deemed admitted under Tax Ct. R. Pract. & Proc. 91(f) and are so found.  The Tinneys resided in Florida at the time the petition was filed.  Travis Tinney was self-employed in the construction industry during 2006.  Amanda Tinney, his wife, was a homemaker.  The Tinneys filed a Form 1040, U.S. Individual Income Tax Return, for 2006.  An accountant prepared the return, which included a Schedule C and a Schedule A.  The Tinneys did not review the return before signing it.  The adjustments in the notice of deficiency are summarized in the table below.

[*4] Adjustments in the notice of deficiency
(except computational adjustments)

| Item | As reported on the return | IRS adjustments | Total after adjustments |
|---|---|---|---|
| Gross receipts from Travis Tinney's Schedule C business | $24,100 | $101,963 | $126,063 |
| Gambling income | 10 | 2,240 | 2,250 |
| Short-term capital gain | 42,466 | 112,376 | 154,842 |
| Car and truck expense deductions (total): | 20,985 | (8,696) | 12,289 |
| Mileage | 14,560 | (2,271) | 12,289 |
| Insurance | 1,480 | (1,480) | -0- |
| Repairs and maintenance | 4,945 | (4,945) | -0- |
| Schedule A "other expenses" | 33,644 | (33,644) | -0- |

The case was tried in Tampa, Florida.

OPINION

One procedural matter requires attention before we proceed to the merits of this case. When the case was called for trial, Amanda Tinney did not appear, nor was there any appearance on her behalf. Travis Tinney did appear. As Travis Tinney had no authority to represent his wife, and there was no other appearance by her or on her behalf, the Court will, on its own motion, dismiss her from this

**[\*5]** case for lack of prosecution. A decision will be entered against Amanda Tinney for a deficiency and a penalty in the same amounts as those ultimately determined against Travis Tinney.

The taxpayer generally bears the burden of proving by a preponderance of the evidence that the IRS's determinations in the notice of deficiency are incorrect. Tax Ct. R. Pract. & Proc. 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Bronstein v. Commissioner, 138 T.C. 382, 384 (2012). Under section 7491(a), if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability for tax and meets other requirements, the burden of proof rests on the IRS as to that factual issue. The Tinneys have not established their compliance with the requirements of section 7491(a). They bear the burden of proof with respect to the deficiency determined in the deficiency notice. See Tax Ct. R. Prac. & Proc. 142(a).

1.  <u>Whether the Tinneys failed to report $101,963 of Schedule C gross receipts</u>

The Tinneys attached a Schedule C to their 2006 return for Travis Tinney's construction business Travis Tinney operated. They reported gross receipts of

[*6] $24,100.  The facts deemed established show that the Tinneys failed to report $101,963 in gross receipts.[2]

We hold that the Tinneys failed to report $101,963 in gross receipts for Travis Tinney's construction business.

2.	Whether the Tinneys are entitled to an $8,696 deduction for Schedule C car and truck expenses disallowed in the notice of deficiency

On the Schedule C the Tinneys claimed deductions of $14,560 for car and truck expenses, $1,480 for insurance, and $4,945 for repairs and maintenance. These deductions--which total $20,985--related to an F-350 truck that Travis Tinney used for business purposes.  According to the return, the $14,650 in the car

---

[2]It has been deemed admitted that the bank deposits analysis the IRS performed showed that the Tinneys had unexplained bank deposits of $101,963 and that this amount should have been, but was not, reported as gross receipts.  At the trial the Court told Travis Tinney that it would consider vacating its order deeming these facts established if it were shown that those facts should not be deemed admitted, but he did not challenge the accuracy of the deemed facts.

If a taxpayer fails to keep adequate records, the IRS may reconstruct the taxpayer's income by any reasonable method that clearly reflects income.  See, e.g., sec. 446(b); Holland v. United States, 348 U.S. 121, 130-132 (1954).  One acceptable method is the bank deposits method.  Clayton v. Commissioner, 102 T.C. 632, 645 (1994); DiLeo v. Commissioner, 96 T.C. 858, 867 (1991), aff'd, 959 F.2d 16 (2d Cir. 1992); Bevan v. Commissioner, T.C. Memo. 1971-312, aff'd, 472 F.2d 1381 (6th Cir. 1973).  This method assumes that if a taxpayer is engaged in an income-producing activity and makes deposits to bank accounts, then those deposits, less amounts identified as nonincome items, constitute taxable income.  See Clayton v. Commissioner, 102 T.C. at 645-646.  The record is devoid of any books or records of the receipts and expenses of Travis Tinney's construction business.

[*7] and truck category was equal to 32,720 miles multiplied by a business use percentage of 100%, multiplied by a standard mileage rate of 0.445 dollars per mile. The notice of deficiency allowed only a $12,289 deduction for the expenses for the F-350 truck, which was calculated using the mileage method. Thus, the notice of deficiency disallowed $2,271 of the $14,560 deduction the Tinneys claimed in the car and truck category, it completely disallowed the $1,480 deduction claimed for insurance, and it completely disallowed the $4,945 deduction claimed for repairs and maintenance. The total disallowance was $8,696 (= $2,271 + $1,480 + $4,945).

The Tinneys presented no documentary evidence or testimony regarding the disallowed F-350 truck expenses. Therefore they have not met their burden of proof.[3] We hold that they cannot deduct the $8,696 in disallowed expenses.

3. Whether the Tinneys are entitled to $33,644 in Schedule A miscellaneous itemized deductions claimed on their return

On their Schedule A, the Tinneys entered $33,644 as "other expenses" under miscellaneous itemized deductions. A statement attached to the Schedule A gave the following details:

---

[3]Truck expenses are subject to the strict substantiation requirements of sec. 274(d). See sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). The Tinneys have failed to satisfy their burden of proof even without considering the effect of the strict substantiation requirements.

| [*8] Description | Amount |
| --- | --- |
| Seminars, travel & lodging | $15,120 |
| Mileage--land investments | 8,010 |
| Legal fees--land investments | 1,100 |
| Listing fees--land investmen [sic] | 150 |
| Telephone--land investments | 1,822 |
| Fax line--land investments | 105 |
| Internet--land investments | 390 |
| Postage--land investments | 756 |
| Hometown remodelers | 4,457 |
| Parking | 8 |
| Tolls | 281 |
| Marketing--land investments | 1,167 |
| Advertising | 278 |
| Total | 33,644 |

At trial Travis Tinney testified that the $33,644 was the total expense of repairing and rehabilitating rental properties that the Tinneys owned. One of these properties, Travis Tinney testified, was 1315 Florida Avenue in St. Cloud, Florida.[4] He introduced no documents to support the deductibility of the $33,644 in expenses.

---

[4]The income and expenses from rental properties are required to be reported on Schedule E, Supplemental Income and Loss, see Form 1040, line 17, but no Schedule E was attached to the Tinneys' Form 1040.

**[\*9]**   To the extent the $33,644 constitutes travel expenses, no deduction is available because there is no evidence corroborating Travis Tinney's testimony. <u>See</u> sec. 274(d).  As for the nontravel expenses, there is insufficient information on which to base an estimate of any deductible amount.  Therefore, no deduction can be allowed for nontravel expenses.  <u>See</u> <u>Williams v. United States</u>, 245 F.2d 559, 560 (5th Cir. 1957); <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985).

4.      <u>Whether the Tinneys are liable for the accuracy-related penalty pursuant to section 6662(a)</u>

The IRS determined that the Tinneys are liable for an accuracy-related penalty pursuant to section 6662(a) and (b)(1) and (2) for negligence or substantial understatement of income tax.  The IRS bears the burden of production with respect to this penalty.  <u>See</u> sec. 7491(c).  To meet this burden, the IRS must produce evidence establishing that it is appropriate to impose this penalty.  Once the IRS has done so, the burden of proof is upon the Tinneys.  <u>See</u> <u>Higbee v. Commissioner</u>, 116 T.C. 438, 449 (2001).  Negligence includes a failure to make a reasonable attempt to comply with internal revenue laws or to exercise ordinary and reasonable care in preparing a tax return.  <u>See</u> sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  Negligence also includes the failure to keep adequate books and records or substantiate items properly.  <u>See</u> sec. 1.6662-3(b)(1), Income

**[*10]** Tax Regs. The Tinneys did not maintain adequate records of the disputed items, and they did not review the return before filing it. The IRS has carried its burden of production with respect to the section 6662(a) penalty for negligence. For the same reasons we conclude (1) there was no reasonable cause for the underpayment and (2) the Tinneys did not act in good faith. See sec. 6664(c)(1) (the accuracy-related penalty does not apply with respect to any underpayment for which it is shown that the taxpayer has reasonable cause and acted in good faith).

We hold that the Tinneys are liable for a section 6662(a) penalty for negligence.

To reflect the foregoing,

Decision will be entered under Rule 155 with respect to Travis C. Tinney, and an appropriate order and decision will be entered with respect to Amanda A. Tinney.