FAINA BRONSTEIN, PETITIONER *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 24168–10.          Filed May 17, 2012.

P obtained a $1 million mortgage to help finance her purchase of a home. Although she was married, P paid the mortgage only with her own funds during 2007. P elected the "married filing separately" filing status on her 2007 tax return and deducted the interest paid on the entire $1 million of mortgage indebtedness. R issued a notice of deficiency which determined that P was limited to a deduction for

interest paid on $500,000 of home acquisition indebtedness plus interest paid on $50,000 of home equity indebtedness as a result of her filing status. *Held*: Under I.R.C. sec. 163(h)(3)(B)(ii) and (c)(ii) P is entitled to a deduction for interest paid on only $500,000 of home acquisition indebtedness plus interest paid on only $50,000 of home equity indebtedness. *Held*, *further*, P is liable for an accuracy-related penalty under I.R.C. sec. 6662(a).

*Bruce Robert McElvenny*, for petitioner.
*Molly H. Donohue*, for respondent.

OPINION

GOEKE, *Judge*: Respondent determined a deficiency in petitioner's 2007 Federal income tax of $8,038 as a result of respondent's determination that she improperly deducted certain home mortgage interest paid. Respondent also determined an accuracy-related penalty under section 6662(a)[1] of $1,608.[2] The issues remaining for decision are:

(1) whether petitioner is entitled to a deduction for interest paid on $1 million of home acquisition indebtedness when she filed her tax return as "married filing separately". We hold that she is not; and

(2) whether petitioner is entitled to a deduction for interest paid on $100,000 of home equity indebtedness when she filed her tax return as "married filing separately". We hold that she is not; and

(3) whether petitioner is liable for a 20% accuracy-related penalty under section 6662(a). We hold that she is.

*Background*

At the time the petition was filed, petitioner resided in New York.

Petitioner was married throughout 2007. On February 12, 2007, petitioner and her father-in-law, Michael Bronstein (father-in-law), purchased real property in Brooklyn, New York (property), as joint tenants with right of survivorship. The price was $1.35 million. To obtain the necessary funds, petitioner and her father-in-law each signed and became

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] All dollar amounts are rounded to the nearest dollar.

liable on a mortgage for $1 million (mortgage) secured by the property. Petitioner paid $2,500 for a loan discount (points) at the time of closing.

From February through December 31, 2007, petitioner and her husband resided at the property, which was their principal residence for tax purposes. Petitioner's father-in-law never resided at the property. During 2007 petitioner used her own funds to make all payments on the mortgage; neither her husband nor her father-in-law made any payments on the mortgage.[3] Petitioner paid $49,739 in interest on the mortgage during 2007.

Petitioner timely filed her 2007 Federal income tax return and elected "married filing separately" filing status. On her Schedule A, Itemized Deductions, she deducted $52,239 in home mortgage interest and points paid.[4] On August 2, 2010, respondent issued a notice of deficiency to petitioner for tax year 2007. Respondent's notice allowed petitioner only $27,506 of her claimed deduction for the home mortgage interest paid.[5] Petitioner timely filed a petition contesting the deficiency and penalty, and the case is before this Court for a fully stipulated decision without trial under Rule 122. The stipulated facts are incorporated in our findings by this reference.

## *Discussion*

### I. *Burden of Proof*

Generally, taxpayers bear the burden of proving, by a preponderance of the evidence, that the determinations of the Commissioner in a notice of deficiency are incorrect. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and taxpayers bear the burden of proving entitlement to any claimed deductions. Rule 142(a)(1); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79,

---

[3] During 2007 petitioner's husband did not have a legal ownership interest in the property and he did not have a legally enforceable obligation to pay the mortgage.

[4] Neither petitioner's husband nor her father-in-law deducted any amounts resulting from her payment of the mortgage interest or points.

[5] Respondent admits on brief that the notice of deficiency was in error in that it should have allowed petitioner an additional deduction resulting from the $2,500 in points paid under secs. 163(h)(3)(A) and 461(g)(2). Accounting for this error reduces the deficiency to $7,589 and the accuracy-related penalty to $1,518.

84 (1992). Petitioner has not argued that respondent should bear the burden of proof.

## II. *Qualified Residence Interest Deduction and Indebtedness Limitations*

Section 163(a) allows a deduction for all interest paid or accrued within the taxable year on indebtedness. As an exception, section 163(h) generally disallows a deduction for personal interest. Personal interest, however, does not include qualified residence interest. Sec. 163(h)(2)(D).

In general, a qualified residence is defined as a taxpayer's principal residence and one other home that is used as a residence by the taxpayer. Sec. 163(h)(4)(A)(i). Qualified residence interest means any interest paid or accrued during a tax year on acquisition indebtedness or home equity indebtedness with respect to the taxpayer's qualified residence. Sec. 163(h)(3)(A).

Section 163(h)(3)(B) provides:

(i) IN GENERAL.—The term "acquisition indebtedness" means any indebtedness which—

(I) is incurred in acquiring, constructing, or substantially improving any qualified residence of the taxpayer, and

(II) is secured by such residence.

Such term also includes any indebtedness secured by such residence resulting from the refinancing of indebtedness meeting the requirements of the preceding sentence (or this sentence); but only to the extent the amount of the indebtedness resulting from such refinancing does not exceed the amount of the refinanced indebtedness.

(ii) $1,000,000 LIMITATION.—The aggregate amount treated as acquisition indebtedness for any period shall not exceed $1,000,000 ($500,000 in the case of a married individual filing a separate return).

Section 163(h)(3)(C) provides:

(i) IN GENERAL.—The term "home equity indebtedness" means any indebtedness (other than acquisition indebtedness) secured by a qualified residence to the extent the aggregate amount of such indebtedness does not exceed—

(I) the fair market value of such qualified residence, reduced by

(II) the amount of acquisition indebtedness with respect to such residence.

(ii) LIMITATION.—The aggregate amount treated as home equity indebtedness for any period shall not exceed $100,000 ($50,000 in the case of a separate return by a married individual).

There is no dispute that the property meets the definition of a qualified residence and that the mortgage interest petitioner paid is qualified residence interest because it was paid on acquisition indebtedness and home equity indebtedness secured by the property.

In his notice of deficiency respondent allowed petitioner to deduct home mortgage interest on a total of $550,000 of indebtedness ($500,000 in acquisition indebtedness under section 163(h)(3)(B)(ii) plus $50,000 of home equity indebtedness under section 163(h)(3)(C)(ii)). [6] Petitioner claims that she should be allowed to deduct interest paid on the entire $1 million of indebtedness.

Petitioner correctly asserts that the parenthetical indebtedness limitations of section 163(h)(3)(B)(ii) and (C)(ii) are $550,000 for each spouse filing a separate return. However, petitioner further claims that these limitations were enacted so that, collectively, a married couple filing separately can claim $1.1 million of aggregate indebtedness across both of their returns and is not limited to claiming a maximum of $550,000 on any one return. We disagree.

When we interpret a statute, our purpose is to give effect to Congress' intent. To accomplish this we begin with the statutory language, which is the most persuasive evidence of the statutory purpose. *See United States v. Am. Trucking Ass'ns, Inc.*, 310 U.S. 534, 542–543 (1940); *Sophy v. Commissioner*, 138 T.C. 206, 212–213 (2012). The words of the statute should be construed in their "ordinary, everyday", and plain meaning. *Crane v. Commissioner*, 331 U.S. 1, 6 (1947). Usually the meaning of the statutory language is conclusive. *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242 (1989); *Woodral v. Commissioner*, 112 T.C. 19, 23 (1999). If a statute is silent or ambiguous, we may look to the statute's legislative history in an attempt to determine congressional intent. *See Burlington N. R.R. v. Okla. Tax Comm'n*, 481 U.S. 454, 461 (1987); *United States v. Harrell*, 637 F.3d 1008, 1012 (9th Cir. 2011). When a statute appears clear on its face, however, there must be unequivocal evi-

---

[6] In *Pau v. Commissioner*, T.C. Memo. 1997–43, we held that sec. 163(h) restricts the residential mortgage interest deduction to interest paid on $1 million of acquisition indebtedness and that excess acquisition indebtedness could not be treated as home equity indebtedness. *See also Catalano v. Commissioner*, T.C. Memo. 2000–82, *rev'd on other grounds*, 279 F.3d 682 (9th Cir. 2002). The IRS took the contrary position in Rev. Rul. 2010–25, 2010–44 I.R.B. 571. Given respondent's concession of the issue, we do not address it.

dence of legislative purpose before the statute is interpreted in a way that overrides the plain meaning of the words used therein. *See Burlington*, 481 U.S. at 461; *Harrell*, 637 F.3d at 1012; *Pallottini v. Commissioner*, 90 T.C. 498, 503 (1988); *Huntsberry v. Commissioner*, 83 T.C. 742, 747–748 (1984).

We believe section 163(h)(3)(B)(ii) clearly states that a married individual filing a separate return is limited to a deduction for interest paid on $500,000 of home acquisition indebtedness. Similarly, we believe section 163(h)(3)(C)(ii) clearly states that a married individual filing a separate return is limited to a deduction for interest paid on $50,000 of home equity indebtedness.

Petitioner has not offered any unequivocal evidence of legislative purpose which would allow us to override the plain language of section 163(h)(3)(B)(ii) and (C)(ii).[7] As a result, we agree with respondent that petitioner is not entitled to a deduction for the interest paid on the entire $1 million of acquisition indebtedness incurred in purchasing the property. Rather, petitioner is entitled to deduct interest paid on only $550,000 of the mortgage indebtedness.

## III. *Accuracy-Related Penalty*

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty if any part of an underpayment of tax required to be shown on a return is due to, among other things, negligence or disregard of rules or regulations or a substantial understatement of income tax. The penalty is 20% of the portion of the underpayment of tax to which the section applies. Sec. 6662(a).

The Commissioner bears the burden of production on the applicability of an accuracy-related penalty in that he must come forward with sufficient evidence indicating that it is proper to impose the penalty. *See* sec. 7491(c); *see also Higbee v. Commissioner*, 116 T.C. 438, 446 (2001). Once the Commissioner meets this burden, the burden of proof

---

[7] Petitioner claims that respondent's interpretation of the statute would result in married couples filing separately receiving disparate treatment compared to married couples filing jointly. Petitioner argues that "If Congress had a purpose for treating married couples filing separately different from married couples filing joint returns, they would have expressed their intent in the legislative record", then notes "that none of the legislative proposals or committee reports mentioned limiting the indebtedness amount for married couples filing separate returns." Petitioner argues that various other statutes demonstrate a legislative purpose different from the plain language of sec. 163(h)(3)(B)(ii) and (C)(ii). After considering petitioner's arguments, we find them unconvincing.

remains with the taxpayer, including the burden of proving that the penalty is inappropriate because of reasonable cause and good faith. *See Higbee v. Commissioner*, 116 T.C. at 446–447.

Respondent satisfies his burden of production by showing that the understatement meets the definition of "substantial". *See Janis v. Commissioner*, T.C. Memo. 2004–117, *aff'd*, 461 F.3d 1080 (9th Cir. 2006), *and aff'd*, 469 F.3d 256 (2d Cir. 2006). An understatement of income tax is "substantial" if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). An "understatement" is defined as the excess of the tax required to be shown on the return over the tax actually shown on the return, less any rebate. Sec. 6662(d)(2)(A). The understatement of income tax in this case is $7,589, which exceeds the greater of 10% of the tax required to be shown on the return [8] or $5,000 and is thus "substantial". Respondent has therefore met his burden of production.

The amount of an understatement shall be reduced by that portion of the understatement which is attributable to: (1) the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment; or (2) any item if the taxpayer adequately disclosed relevant facts affecting the item's tax treatment in the return or in a statement attached to the return and there is a reasonable basis for the tax treatment of the item by the taxpayer. Sec. 6662(d)(2)(B).

Petitioner claims that section 163 and the legislative history provide both substantial authority and a reasonable basis for her treatment of the mortgage interest paid. However, as stated *supra* p. 387, we believe section 163(h)(3)(B)(ii) and (C)(ii) clearly limits deductions for interest paid on a home mortgage to the interest paid on $500,000 of home acquisition indebtedness and $50,000 of home equity indebtedness in the case of a married taxpayer filing separately. We therefore do not believe petitioner has any substantial authority or reasonable basis for the position she took on her 2007 tax return.

Petitioner also argues that the accuracy-related penalty does not apply because she meets the reasonable cause defense of section 6664(c)(1). Pursuant to that section,

---

[8] The amount of tax required to be shown on petitioner's return was approximately $36,000.

accuracy-related penalties under section 6662 do not apply to any portion of an underpayment for which a taxpayer establishes that he or she: (1) had reasonable cause; and (2) acted in good faith. Whether a taxpayer has acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including efforts to assess the proper tax liability, the taxpayer's knowledge and experience, and the extent to which the taxpayer relied on the advice of a tax professional. Sec. 1.6664–4(b)(1), Income Tax Regs. "Generally, the most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability." *Id.*

Petitioner asserts that "Confusion over the interpretation of sections 163(h)(3)(B)(ii) and 163(h)(3)(C)(ii) should be sufficient to establish that under section * * * [6664(c)(1)] and Treasury Regulations section 1.6664–4(c), the accuracy-related penalty should not be imposed." Petitioner also claims that "there was no reason for the Petitioner to question the conclusions of her tax advisor that Petitioner was acting properly in filing the Petitioner's return."

As stated *supra* p. 387, we believe that section 163(h)(3)(B)(ii) and (C)(ii) clearly limits deductions for interest paid on a home mortgage to the interest paid on $500,000 of home acquisition indebtedness and $50,000 of home equity indebtedness in the case of a married taxpayer filing separately. As a result, we disagree with petitioner that the requirements of section 6664(c)(1) are satisfied because of "confusion" in the interpretation of section 163(h)(3)(B)(ii) and (C)(ii).

Although petitioner claims to have followed the advice given to her by her tax adviser,[9] she has made no attempt to establish that the reliance was reasonable. *See Freytag v. Commissioner*, 89 T.C. 849, 888 (1987), *aff'd on another issue*, 904 F.2d 1011 (5th Cir. 1990), *aff'd*, 501 U.S. 868 (1991); sec. 1.6664–4(b)(1), Income Tax Regs. We have previously held that

for a taxpayer to rely reasonably upon advice so as possibly to negate a section 6662(a) accuracy-related penalty determined by the Commissioner, the taxpayer must prove * * * that the taxpayer meets each requirement of the following three-prong test: (1) The adviser was a competent profes-

---

[9] Petitioner's tax return reflects that it was prepared by Bruce McElvenny of McElvenny & Associates, P.C.

sional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment. * * * [*Neonatology Assocs., P.A. v. Commissioner*, 115 T.C. 43, 99 (2000), *aff'd*, 299 F.3d 221 (3d Cir. 2002).]

Petitioner has failed to prove that she satisfied any of these three requirements.

Petitioner has failed to show substantial authority or a reasonable basis for the position she took on her 2007 tax return. Petitioner has also failed to prove she meets the reasonable cause defense of section 6664(c)(1). As a result, we hold petitioner is liable for the 20% accuracy-related penalty.

## IV. *Conclusion*

We hold that petitioner is not entitled to a deduction for home mortgage interest paid on $1 million of acquisition indebtedness when she filed her tax return as "married filing separately". Rather, petitioner is entitled to a deduction for the interest paid on only $500,000 of home mortgage indebtedness plus the interest paid on $50,000 of home equity indebtedness, as conceded by respondent. We further hold that petitioner is liable for a 20% accuracy-related penalty under section 6662(a).

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155*.