T.C. Memo. 2012-320

UNITED STATES TAX COURT

KARL GREGG WEATHERLY AND JINNY H.S. WEATHERLY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15177-10.                    Filed November 19, 2012.

Karl Gregg Weatherly and Jinny H.S. Weatherly, pro sese.

Amy B. Ulmer, for respondent.

MEMORANDUM OPINION

MORRISON, Judge: The respondent (the "IRS") determined a $9,141

deficiency for petitioner Karl Gregg Weatherly along with a $2,285.25 addition to

tax for failure to file timely under section 6651(a)(1) for 2003 and a joint $7,344

deficiency for petitioners Karl Gregg Weatherly and Jinny H.S. Weatherly for

[*2] 2004.  The Weatherlys filed a petition for redetermination of Karl Weatherly's

2003 deficiency and addition to tax and of their 2004 deficiency.  The IRS

has moved for penalties under section 6673.  This Court has jurisdiction to make the

requested redeterminations under sections 6213 and 6214.[1]

The issues for decision[2] are:

(1)     whether Karl Weatherly failed to accurately include certain items of

income for 2003;

(2)     whether Karl Weatherly is entitled to a 2003 deduction for $79,997 of

expenses related to royalty income;

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect in the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]As described below, the date on the notice of deficiency (April 6, 2010) is (1) more than three years after the date (April 15, 2004) that Karl Weatherly submitted a document he called "Notice of Affidavit Statement in Rebuttal to Internal Revenue Code Section 6011 For Year Period Ending December 31, 2003" ("Notice of Affidavit") that he claims is a 2003 tax return, (2) more than three years after the date (February 18, 2005) that Karl Weatherly submitted a Form 1040, U.S. Individual Income Tax Return, for 2003, (3) more than three years after the date (February 18, 2005) that Karl Weatherly submitted a Form 1040 for 2004. Generally, the time limit for the IRS to assess tax (and thus for the IRS to issue a notice of deficiency) is three years from the filing of the return, unless certain exceptions apply.  Sec. 6501.  Untimeliness of the notice of deficiency is an affirmative defense.  Adler v. Commissioner, 85 T.C. 535, 540 (1985).  The taxpayer must specifically plead it.  Rule 39.  Karl Weatherly did not raise the question of timeliness in the pleadings (or otherwise).  The Weatherlys' brief conceded that they had waived any timeliness defense by not pleading it.

**[*3]**    (3)    whether Karl Weatherly is entitled to certain itemized deductions for 2003;

(4)    whether the Weatherlys failed to include certain items of income for 2004;

(5)    whether the Weatherlys are entitled to a 2004 deduction for $61,193 of expenses related to royalty income;

(6)    whether the Weatherlys are entitled to a net-operating-loss carryforward as a deduction for 2004.

(7)    whether Karl Weatherly is liable for the failure-to-file addition to tax for 2003; and

(8)    whether the Weatherlys are liable for a penalty under section 6673.

## Background

The parties filed both a stipulation of facts and a supplemental stipulation of facts. We adopt the stipulated facts.

Petitioners Karl Gregg Weatherly and Jinny H. S. Weatherly were married and lived in Idaho at all relevant times. Karl Weatherly is a professional photographer specializing in sports photography. He received payments from companies who used his photos, and these payments were reported by the payors

**[\*4]** on Forms 1099-MISC, Miscellaneous Income. Jinny Weatherly earned wage income as a dental assistant in 2003.

On April 15, 2004, Jinny Weatherly filed a Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, for tax year 2003. In that tax return she filed as a single taxpayer, and she elected the standard deduction. The only income she reported was $13,971.90 of wages earned as a dental assistant.

Also on April 15, 2004, Karl Weatherly had a document entitled "Notice of Affidavit Statement in Rebuttal to Internal Revenue Code Section 6011 For Year Period Ending December 31, 2003" ("Notice of Affidavit") notarized and sent to the IRS in which he argued that he was not required to file an income tax return or pay any income tax.

On or around February 18, 2005, Karl Weatherly hand-delivered his own late 2003 Form 1040 to the IRS office in Boise, Idaho. Attached to the Form 1040 were six Forms 1099-MISC. Three of the Forms 1099-MISC had been issued to him by payors. The other three forms he prepared himself; he marked these forms as "corrected" and indicated "$0.00" as the amount received. The forms the payors issued reported $98,485 of royalties from Getty Imagery, $21,765.50 of royalties from Corbis Corp., and $1,276.72 of royalties from Index Stock Images.

[*5] On his Form 1040 for 2003 Karl Weatherly reported income of $3,294.01 of ordinary dividends. This amount was also listed on a Form 1099-DIV, Dividends and Distributions, an original of which Karl Weatherly attached to the Form 1040. He reported no other income and claimed the standard deduction.

Also on or around February 18, 2005, Karl Weatherly submitted a timely Form 1040 for 2004 for himself, along with eight Forms 1099-MISC for 2004. Four of the Forms 1099-MISC were originals from payors. Weatherly prepared the other four Forms 1099-MISC himself; he marked these forms "corrected" and entered the amounts as "$0.00". The forms the payors issued reported $114,368.97 of royalties from Getty Imagery, $18,994.11 of royalties from Corbis Corp., $431 of royalties from Index Stock Images, and nonemployee compensation of $3,007.07 from Mountain Stock Photography & Film. On the 2004 Form 1040 submitted in February 2005 Karl Weatherly claimed married filing separate status, reported no income, and claimed no deductions.

On May 15, 2007, the IRS Appeals Office issued a notice of determination sustaining levy and lien actions against Karl Weatherly to collect section 6702 penalties related to the tax years 1998, 1999, 2000, 2001, 2002, 2003, and 2004.[3]

---

[3]The notice of determination is not in the record, but it is attached to the petition Karl Weatherly filed in docket No. 13619-07L.

**[*6]**  On June 14, 2007, Karl Weatherly filed a petition in the Tax Court in which he challenged the May 15, 2007 notice of determination under sections 6330(d) and 6320(d).  This case is at docket No. 13619-07L.

On June 21, 2007, after discussions with an IRS agent, the Weatherlys filed Forms 1040 for 2003 and 2004.  Both returns claimed joint filing status.  The returns were prepared by an accountant.

On the 2003 Form 1040 submitted on June 21, 2007, the Weatherlys reported the following items of income and expense:

- royalty income before expenses of $121,526.62 (i.e. the sum of $98,485, $21,765.50, and $1,276.12), which is the sum of the royalty amounts reported on three Forms 1099-MISC;

- Jinny Weatherly's wages of $13,972; and

- ordinary dividend income of $3,294.

Among the deductions claimed were:

- capital losses of $3,000;

- expenses related to royalty income of $79,977, which included $13,778 in legal expenses; and

- total itemized deductions of $385,694, which included a theft loss deduction of $369,318.

**[*7]** On the 2004 Form 1040 submitted on June 21, 2007, the Weatherlys reported that their only income item was:

- royalty income before expenses of $133,794 (i.e. the sum of $114,368.97, $18,994.11, and $431, the royalty amounts reported on three Forms 1099-MISC).

Among the deductions claimed were:

- capital losses of $3,000;

- a business loss of $246 (the difference between $3,007 in business income and $3,253 in business expenses);

- expenses related to royalty income of $61,192, which included $9,008 in legal expenses;

- a net-operating-loss carryforward of $326,879 from 2003; and

- total itemized deductions of $19,093, which included a medical expense deduction of $4,769.

The various submissions the Weatherlys made to the IRS for the 2003 and 2004 tax years and the dates of the submissions are summarized below.

| [*8] Year | Jinny Weatherly's Form 1040EZ | Karl Weatherly's Notice of Affidavit | Karl Weatherly's Form 1040 | Weatherlys' Form 1040 (claiming joint filing status) |
|---|---|---|---|---|
| 2003 | Apr. 15, 2004 | Apr. 15, 2004 | Feb. 18, 2005 | June 21, 2007 |
| 2004 | --- | --- | Feb. 18, 2005 | June 21, 2007 |

On August 22, 2008, the Tax Court entered the following decision in docket

No. 13619-07L:

## DECISION

Pursuant to the agreement of the parties in this case, it is

ORDERED AND DECIDED:  That the determinations set forth in the Notice of Determination Concerning Collection Action(s) under section 6320 and/or section 6330 issued to petitioner on May 15, 2007, regarding petitioner's liability for penalties under I.R.C. § 6702 for the years 1998 through 2004, upon which this case is based, are not sustained.

[signed]
DIANE L. KROUPA
Judge.

Entered:  Aug 22, 2008

[page 2]

It is hereby stipulated that the Court may enter the foregoing decision in this case.

It is further stipulated that respondent will abate the penalties assessed against petitioner for the years 1998 through 2004, under I.R.C. §

[*9] 6702, on the basis that petitioner did not file frivolous returns for those periods, within the meaning of I.R.C. § 6702.

DONALD L. KORB
Chief Counsel
Internal Revenue Service

[signed]                                              By: [signed]
KARL GREGG WEATHERLY              WESLEY F. MCNAMARA

On April 6, 2010, the IRS sent Karl Weatherly a notice of deficiency for tax year 2003 and sent the Weatherlys a notice of deficiency for tax year 2004.

The notice of deficiency for tax year 2003 determined that Karl Weatherly--not both Weatherlys--received income of $3,294 from ordinary dividends and $55,327 from net royalties. This net-royalties figure was computed by subtracting allowable royalty expenses of $66,199 from gross-royalty income of $121,526. The claimed $13,778 deduction for legal expenses was disallowed. Income was then reduced by $1,500 for capital losses, $4,750 for the standard deduction, and $3,050 for the personal exemption. The resulting taxable income was $49,321, which yielded a tax liability of $9,141 at the married-filing-separate rate. The deficiency was also $9,141 because the June 21, 2007 Form 1040 reported zero tax liability and no tax was paid. A $2,285.25 addition to tax, 25% of the amount owed, was applied under section 6651(a)(1) for failure to file timely.

**[\*10]**  The notice of deficiency for tax year 2004 determined that the Weatherlys received income of $3,007 from gross receipts from nonemployee compensation and $81,609 from net royalties.  This net-royalties figure was computed by subtracting allowable royalty expenses of $52,184 from gross royalty income of $133,793.  The claimed $9,008 deduction for legal expenses was disallowed.  Taxable income was then reduced by $3,253 for allowable business expenses reported on Schedule C, Profit or Loss From Business, $3,000 in capital losses, $18,418 in allowable itemized deductions, and $6,200 for the personal exemption.  The claimed medical-expense deduction of $4,769 was disallowed because it did not exceed the required threshold of 7.5% of adjusted gross income.  The claimed net-operating-loss carryforward from 2003 was disallowed.  The resulting taxable income was $53,745, which yielded a tax liability of $7,344 at the joint filing rate.  The deficiency was also $7,344 because the June 21, 2007 Form 1040 reported zero tax liability and no tax was paid.

The Weatherlys timely petitioned this Court for redetermination of the deficiencies and the addition to tax.

**[*11]**                                    <u>Discussion</u>

The taxpayer bears the burden of proving by a preponderance of the evidence that the IRS's determinations in the notice of deficiency are incorrect. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933); <u>Bronstein v. Commissioner</u>, 138 T.C. ___ (May 17, 2012). Under section 7491(a), if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability for tax and meets other requirements, the burden of proof rests on the IRS as to that factual issue. The Weatherlys have not established their compliance with the requirements of section 7491(a). They bear the burden of proof with respect to the deficiencies and addition to tax determined in the deficiency notice. <u>See</u> Rule 142(a).

1.     <u>Inclusions in Karl Weatherly's income for 2003</u>

Section 61(a) provides that "Except as otherwise provided in this subtitle * * * all income from whatever source derived" is included in gross income and is thus potentially taxable unless there is a specific exception in the Code. The concept of gross income is to be broadly construed while statutory exceptions are to be narrowly construed. <u>Commissioner v. Schleier</u>, 515 U.S. 323, 328 (1995). Under the Code, both royalties and dividends are income. Sec. 61(a)(6) and (7).

**[\*12]**    Karl Weatherly conceded at trial that he had received the amounts indicated on the 2003 Forms 1099-MISC:  $98,485 of royalties from Getty Imagery, $21,765.50 of royalties from Corbis Corp., and $1,276.72 of royalties from Index Stock Images.  He also conceded that he had received the ordinary dividends of $3,294 he reported on the Form 1040 submitted in June 2007.

He contends that the documents he submitted on April 15, 2004 and February 18, 2005 constitute valid returns and that therefore these documents must be presumed correct.  The April 15, 2004 "Notice of Affidavit" denied that he had any tax liability.  The February 18, 2005 Form 1040 reported that Karl Weatherly's only income was dividend income of $3,294.01.  Even if these documents were somehow considered to be valid returns, their validity has no bearing on his tax liability for 2003.  A valid tax return is not presumed to be correct.

We find that Karl Weatherly received the payments in question.  And, although the payments constitute income subject to tax, the IRS has conceded on brief that under community-property principles only half of the payments are includable in Karl Weatherly's gross income.  We hold that Karl Weatherly's gross income properly includes only half of the royalty and dividend income he received in 2003.

**[*13]** 2.     <u>Karl Weatherly's entitlement to a 2003 deduction for $79,997 of expenses related to royalty income</u>

On the Form 1040 for 2003 they submitted on June 21, 2007, the Weatherlys claimed a deduction for $79,997 of expenses related to royalty income. This deduction included $13,778 of legal expenses. Taxpayers who claim the standard deduction may deduct ordinary and necessary business expenses. <u>See</u> secs. 62(a)(1), 162(a). Legal expenses can qualify as ordinary and necessary business expenses if they are related to the taxpayer's business. <u>See</u> <u>Levenson & Klein, Inc. v. Commissioner</u>, 67 T.C. 694, 720-721 (1977). The Weatherlys' brief conspicuously avoided the issue of the legal-expense deduction. Karl Weatherly waived any argument that he is entitled to the legal-expense deduction. <u>See</u> Rule 151(e)(5).

In the notice of deficiency for 2003, which was issued to Karl Weatherly but not Jinny Weatherly, the IRS conceded that Karl Weatherly was entitled to a $66,199 deduction for expenses related to royalty income for 2003. However, because the royalty income is community income, Karl Weatherly may deduct only half of the allowable royalty expenses. <u>See</u> <u>Johnson v. Commissioner</u>, 72 T.C. 340, 349 (1979). We hold that Karl Weatherly is entitled to a $33,099.50 deduction for expenses related to royalty income for 2003.

**[*14]** 3.      Itemized deductions available to Karl Weatherly for 2003

On their June 21, 2007 Form 1040 for 2003, the Weatherlys claimed itemized deductions of $385,694, which included a theft loss deduction of $369,318.  The IRS contends that Karl Weatherly can claim only the standard deduction for 2003 and is therefore barred from benefiting from any itemized deductions for that year.  We need not reach the merits of the IRS's contention because in his brief Karl Weatherly does not challenge the IRS's contention that  he is limited to the standard deduction.  See Rule 151(e)(5).  We hold that Karl Weatherly is not entitled to any itemized deductions for 2003.

4.      Inclusions in the Weatherlys' income for 2004

As was true with respect to 2003, Karl Weatherly conceded at trial that he had received the amounts indicated on the 2004 Forms 1099-MISC he received from various payors.  These forms are in the record, and the indicated amounts are: $114,368.97 of royalties from Getty Imagery, $18,994.11 of royalties from Corbis Corp., and $431 of royalties from Index Stock Images.  He also conceded that he had received nonemployee compensation of $3,007.07 from Mountain Stock Photography & Film.  These amounts are reflected in the notice of deficiency for 2004.  We find that the Weatherlys received these payments and that they are includable in gross income.

**[\*15]**   The Weatherlys contend that Karl Weatherly's Form 1040, submitted on February 18, 2005, constituted a valid return, and therefore the Form 1040 must be presumed correct. The February 18, 2005 Form 1040 reported that Karl Weatherly earned no income. Even if the Form 1040 is considered a valid return, its validity has no bearing on the Weatherlys' tax liability for 2004. A valid tax return is not presumed to be correct.

5.      The Weatherlys' entitlement to a 2004 deduction for $61,192 of expenses related to royalty income

On the Form 1040 for 2004 they submitted on June 21, 2007, the Weatherlys claimed a $61,192 deduction for expenses related to royalty income. This deduction included $9,008 of legal expenses. Legal expenses can qualify as ordinary and necessary business expenses if they are paid or incurred in carrying on a taxpayer's trade or business. See Levenson & Klein, Inc. v. Commissioner, 67 T.C. at 720-721. In their brief the Weatherlys conspicuously avoided the issue of the legal-expense deduction. They waived any argument that they are entitled to the legal-expense deduction. See Rule 151(e)(5).

In the notice of deficiency for 2004 the IRS conceded that the Weatherlys are entitled to a $52,184 deduction for expenses related to royalty income for

**[*16]** 2004. We hold that the Weatherlys are entitled to a $52,184 deduction for expenses related to royalty income for 2004.

6.     The Weatherlys' net-operating-loss carryforward for 2004

The Weatherlys' Form 1040 for 2003 claimed a theft-loss deduction of $369,318. The Form 1040 for 2004 claimed a net-operating-loss carryforward of $326,879 from 2003. The net-operating-loss carryforward, as computed on the Form 1040 for 2004, would not exist without the theft-loss deduction. As we explained above in part 3, Karl Weatherly is not entitled to a theft-loss deduction for 2003 because the Weatherlys' brief failed to challenge the IRS's contention that he is limited to the standard deduction for that year. Furthermore, the Weatherlys' brief does not contend that they are entitled to a theft-loss deduction for 2003 or a net-operating-loss carryforward to 2004 resulting from the theft-loss deduction. We hold that the Weatherlys are not entitled to a net-operating-loss carryforward for 2004. See Rule 151(e)(5).

7.     Karl Weatherly's liability for the failure-to-file addition to tax for 2003

Section 6651(a)(1) imposes a monthly addition to tax of 5% of the "amount required to be shown as tax on a return", up to a maximum of 25% of that amount, for as long as the taxpayer fails to file a required return. Thus, if a taxpayer

**[\*17]** submits the return more than five months after the due date for the return, the taxpayer is subject to the full 25% addition to tax.

Section 7491(c) provides that the IRS bears the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount. The IRS's burden of production under section 7491(c) is to produce evidence that imposing the relevant penalty or addition to tax is appropriate. Swain v. Commissioner, 118 T.C. 358, 363 (2002). The taxpayer bears the burden of introducing evidence regarding reasonable cause or a similar defense. Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

On April 15, 2004, Karl Weatherly submitted the Notice of Affidavit. On February 18, 2005, Karl Weatherly submitted a Form 1040. And on June 21, 2007, the Weatherlys filed a Form 1040 claiming joint-filing status. Of these three submissions, only the Notice of Affidavit was submitted to the IRS in time to prevent the imposition of the full addition to tax. The February 18, 2005 Form 1040 was submitted more than five months after the due date for the 2003 tax return. The Notice of Affidavit could qualify as a valid tax return, thereby relieving Karl Weatherly of liability for the addition to tax, only if it meets all four requirements of the test set forth in Beard v. Commissioner, 82 T.C. 766, 777 (1984), aff'd, 793 F.2d 139 (6th Cir. 1986). See Oman v. Commissioner, T.C.

**[\*18]** Memo. 2010-276, slip op. at 16-24 (explaining why the <u>Beard</u> test determines whether a return was filed for the purpose of the addition to tax under section 6651(a)(1) in cases appealable to the Court of Appeals for the Ninth Circuit).  The four requirements are that the document must (1) contain sufficient data to calculate the correct liability; (2) purport to be a return; (3) be an honest and reasonable attempt to follow the tax laws, and (4) be executed under penalty of perjury.  <u>Beard v. Commissioner</u>, 82 T.C. at 777.  The Notice of Affidavit is a 40-page list of spurious pseudolegal arguments.  It does not contain sufficient data to calculate Karl Weatherly's correct tax liability for 2003.  It does not purport to be a return.  And it is not an honest and reasonable attempt to follow the tax laws.  Therefore, the Notice of Affidavit fails the first, second, and third <u>Beard</u> requirements.  It is not a valid return.[4]

---

[4]Weatherly argues that if not a "return", his Notice of Affidavit is a "statement" that suffices for purposes of the requirement that he file a return.  Sec. 6011(a) provides:  "When required by regulations prescribed by the [Treasury] Secretary any person made liable for any tax imposed by this title, or with respect to the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary."  Sec. 1.6011-1(b), Income Tax Regs., provides:

> In the absence of a prescribed form, a statement made by a taxpayer disclosing his gross income and the deductions therefrom may be accepted as a tentative return, and, if filed within the prescribed time, the statement so made will relieve the taxpayer from liability for the

(continued...)

**[\*19]**     Next, Karl Weatherly argues that the proceeding in docket No. 13619-07L established that he filed a valid return for 2003.  In that proceeding the parties (i.e. Karl Weatherly and the IRS) stipulated that he did not file frivolous returns for 2003 and other years.  At most the stipulation means that the Form 1040 was not a frivolous return.  Nothing suggests that it was the Notice of Affidavit that was the object of the IRS's attempt to impose the frivolous-return penalty.  The Notice of Affidavit does not even purport to be a return, which is a necessary condition for it to be a frivolous return.  Sec. 6702(a)(1) (imposing penalty on a person who "files what purports to be a return of the tax imposed by * * * [this title]").  Since it does not purport to be a return, it is not a frivolous return.  It is also not a valid return.  See Beard v. Commissioner, 82 T.C. at 777 ("the document must purport to be a return").  Even if the Form 1040 were a valid return, this would not help Karl Weatherly.  He was required to file a valid return by April 15, 2004.  He did not submit the Form 1040 until February 18, 2005, which was after his liability for the

---

⁴(...continued)
addition to tax imposed for the delinquent filing of the return, provided that without unnecessary delay such a tentative return is supplemented by a return made on the proper form.

The Notice of Affidavit does not disclose Karl Weatherly's gross income and deductions from which the IRS could have calculated Karl Weatherly's income tax liability.

**[\*20]** section 6651(a)(1) addition to tax had reached its 25% maximum. Because the stipulation does not assist Karl Weatherly in demonstrating that he filed a timely return, we need not address the IRS's arguments that the prior proceeding is not entitled to issue-preclusion effect because it was settled rather than litigated, that the stipulation should be disregarded because it is contrary to the record, that the elements for establishing that a return is not frivolous are different from the elements for establishing that a return is a valid return, or that a stipulation is not binding in another case.

The IRS satisfied its burden of production under section 7491(c). It introduced its administrative records showing that Karl Weatherly did not file any returns for the five-month period starting April 15, 2004. It introduced a copy of the Notice of Affidavit that we have determined was not a valid return. Accordingly, Karl Weatherly was required to introduce evidence to prove that his failure to file a valid return was due to reasonable cause and not due to willful neglect. See sec. 6651(a)(1); Rule 142(a). Karl Weatherly did not argue that his failure to file a valid return was due to reasonable cause, and he presented no credible evidence on the issue. Accordingly, we hold that Karl Weatherly is liable for the addition to tax under section 6651(a)(1).

**[*21]** 8.　　Penalty under section 6673

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay the United States a penalty of up to $25,000 for taking frivolous or groundless positions in a Tax Court proceeding or for instituting or maintaining a proceeding primarily for delay.  A position is frivolous where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).  Taxpayers need not have actual knowledge that their claims are frivolous in order to be liable for the penalty.  See Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because taxpayer should have known claim was frivolous).

The Weatherlys' arguments that they are entitled to deductions for legal expenses (for 2003 and 2004), a theft-loss deduction (for 2003), and a net-operating-loss-carryforward deduction (for 2004) were advanced by Karl Weatherly's testimony.  We did not reach the question whether his testimony was sufficient to secure the deductions because the Weatherlys abandoned their claims on brief.  Nonetheless, their initial claims were not frivolous.  We do not want to discourage taxpayers from litigating colorable claims.  Moreover, we note that while the arguments Karl Weatherly made in his Notice of Affidavit were

**[\*22]** frivolous, the Weatherlys did not pursue any of those arguments in their briefs or testimony to this Court.  Thus, we decline to impose a penalty.

However, we emphasize to the Weatherlys that they should expect to be penalized if they make frivolous and groundless arguments in the future.

In reaching our holdings, we have considered all arguments made, and to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.