T.C. Summary Opinion 2017-11


UNITED STATES TAX COURT


JAMES DAVID JACKSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6491-16S.                    Filed March 6, 2017.


James David Jackson, pro se.

<u>Ric D. Hulshoff</u> and <u>Rollin G. Thorley</u>, for respondent.


SUMMARY OPINION


GOEKE, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.

_____

[1]All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $1,508 in petitioner's Federal income tax for 2013. Petitioner filed a timely petition for redetermination with the Court pursuant to section 6213(a). The issue for decision is whether petitioner is entitled to a deduction for qualified residence interest that he claimed on Schedule A, Itemized Deductions, for tax year 2013.

## Background

At the time the petition was filed, petitioner resided in Nevada. Petitioner did not appear at trial on October 5, 2016. He did appear, however, two days before at calendar call on October 3, 2016. Petitioner did not testify and did not call any witnesses. On November 16, 2016, the parties filed a stipulation of facts. We ordered petitioner to confirm that he wanted to submit this case fully stipulated. No response to the Court's order was received by or on behalf of petitioner. By order dated January 5, 2017, we closed the record and ordered the case submitted under Rule 122.

---

[1](...continued)
Procedure. All monetary amounts are rounded to the nearest dollar.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for tax year 2013. On Schedule A attached to his Form 1040 he claimed a mortgage interest deduction of $14,400. Respondent disallowed the mortgage interest deduction and determined an accuracy-related penalty under section 6662.[2]

During 2013 petitioner lived with his girlfriend, Julie Furney, in a residence in Nevada that she had purchased in 2005. Ms. Furney had financed the purchase of the residence with a mortgage provided by Countrywide Financial (a mortgage lender subsequently acquired by Bank of America). Petitioner was not able to join Ms. Furney in obtaining a mortgage on the residence in 2005 because of personal debt problems.

Ms. Furney is listed as the sole owner on the deed to the property and as the only person responsible on the mortgage. Bank of America issued Form 1098, Mortgage Interest Statement, for 2013 only to Ms. Furney for the entire amount of interest paid; it issued no Form 1098 to petitioner. Ms. Furney pays all homeowners insurance premiums and property taxes assessed on the property.

The record includes a copy of a letter from Ms. Furney to respondent's counsel, dated April 7, 2015, stating in pertinent part that petitioner "has paid the amount of $1,000 per month on the Mortgage payment * * * for the past 10 years".

---

[2]Respondent concedes the sec. 6662 penalty.

## Discussion

As a general rule, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction.[3] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate items underlying deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001); Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

This is not the first time petitioner has appeared before this Court. In Jackson v. Commissioner, T.C. Summary Opinion 2016-33, petitioner argued that he was entitled to this same deduction concerning the same property but for tax years 2011 and 2012. In that case he failed to show that he had paid any mortgage interest or that he held any ownership interest in the property. Id. The claim petitioner makes here, however, is with respect to tax year 2013.

---

[3]Petitioner does not claim and the record does not show that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

In general, section 163(h)(3) and (4) allows a deduction for interest paid or accrued on certain indebtedness, including acquisition indebtedness on a qualified residence. The acquisition indebtedness generally must be an obligation of the taxpayer and not an obligation of another.[4] See Golder v. Commissioner, 604 F.2d 34, 35 (9th Cir. 1979), aff'g T.C. Memo. 1976-150. Even if the taxpayer is not directly liable under the mortgage, he may nevertheless be entitled to a deduction for qualified residence interest paid if he can establish legal or equitable ownership of the mortgaged property. Sec. 1.163-1(b), Income Tax Regs.; see, e.g., Trans v. Commissioner, T.C. Memo. 1999-233; Uslu v. Commissioner, T.C. Memo. 1997-551.

During calendar call petitioner asked that we follow the holding in Bronstein v. Commissioner, 138 T.C. 382 (2012). In Bronstein the issue was the amount of indebtedness on which the taxpayer could claim a mortgage interest deduction, and there was no dispute whether the taxpayer actually paid $49,739 in interest on her mortgage. Id. at 384. Petitioner has failed to provide any objective evidence that he paid the mortgage interest in issue or that he had an equitable interest of any kind in the property because of his payments.

---

[4]We assume without deciding that the mortgage in question constitutes acquisition indebtedness on a qualified residence.

Petitioner relies on Ms. Furney's April 2015 letter and the stipulation of facts to satisfy his burden of proof with respect to the claimed mortgage interest deduction.  The letter does not state that petitioner had any interest in the property, legal, equitable, or otherwise, by reason of his payments.  Without bank statements, receipts, other records, or testimony from petitioner or Ms. Furney to show that petitioner transferred any amounts to pay the mortgage or that he had an equitable interest in the property, we decline to find that petitioner has carried his burden.

To reflect the foregoing,

Decision will be entered for respondent as to the deficiency and for petitioner as to the accuracy-related penalty under section 6662(a).